UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMILE SAINT THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>VENTURA COUNTY SHERIFF DEPARTMENT, CALIFORNIA, et al.,<br><br>Defendants. | Case No. CV 16-6622 SJO(JC)<br><br>ORDER (1) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION; (2) EXTENDING PLAINTIFF'S DEADLINE TO PAY FILING FEE; AND (3) DIRECTING CLERK TO SEND PLAINTIFF COPY OF PUBLIC DOCKET |

## I. BACKGROUND

On September 2, 2016, Tremile Saint Thompson ("plaintiff"), who is in custody at the Ventura County Detention Facility and is proceeding *pro se*, formally filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 together with a Request to Proceed Without Prepayment of Filing Fees ("IFP Request").

On September 17, 2016, the Court issued an order ("Dismissal Order") denying the IFP Request and dismissing the action without prejudice unless plaintiff paid the full filing fee within thirty (30) days because plaintiff had filed at least three prior actions in the United States District Court for the Northern District of California ("NDCA") which qualify as "strikes" under 28 U.S.C. § 1915(g)

("Section 1915(g)")[1] – namely, the First Federal Action, Second Federal Action, and Third Federal Action, as those terms are defined in the Dismissal Order (collectively "Prior Federal Actions") – and the Complaint did not plausibly allege that plaintiff was exempt from Section 1915(g) based on imminent danger of serious physical injury. The Clerk entered the Dismissal Order on September 20, 2016.

Currently pending before the Court and addressed herein is plaintiff's "Motion to Proceed Without Prepayment of Filing Fee" ("Plaintiff's Motion"), which was formally filed on October 6, 2016, and appears to seek (1) reconsideration of the Dismissal Order; and (2) information regarding documents which have been sent to plaintiff in this action. For the reasons discussed below, Plaintiff's Motion is denied to extent it seeks reconsideration. Plaintiff's Motion is granted to the extent it seeks the above-referenced information and the Clerk shall provide him with a copy of the public docket in this action which reflects such information.

## II.  LEGAL STANDARDS – MOTIONS FOR RECONSIDERATION

A motion for seeking reconsideration of a denial of leave to file a complaint *in forma pauperis* may be construed as one arising under Rule 60(b) of the Federal Rules of Civil Procedure. See Ashford v. Steuart, 657 F.2d 1053, (9th Cir. 1981)

---

[1] In general, prisoners who meet specified criteria may pursue civil litigation in federal court without the full prepayment of fees or costs – *i.e.*, *in forma pauperis* ("IFP"). 28 U.S.C. § 1915(a). Pursuant to Section 1915(g) (the so-called "three strikes" provision in the Prison Litigation Reform Act ("PLRA")), however, a prisoner who has accumulated three or more "strikes" is barred from proceeding IFP unless he is "under imminent danger of serious physical injury" at the time their complaint is filed. Bruce v. Samuels, 136 S. Ct. 627, 630 (2016); Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). A "strike," for purposes of Section 1915(g), is a prior action or appeal brought in federal court while the plaintiff was "incarcerated or detained in any facility" that was dismissed because it was "frivolous," "malicious," or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015); Washington v. Los Angeles County Sheriff's Department, __ F.3d __, 2016 WL 4254981, *4 (9th Cir. Aug. 12, 2016).

(construing motion to reconsider denial of leave to file complaint *in forma pauperis* as Fed. R. Civ. P. 60(b) motion). Under Rule 60(b), relief from a final judgment or order is available for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered before the court's decision; (3) fraud, misrepresentation or misconduct by the opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) "any other reason that justifies relief." See Fed. R. Civ. P. 60(b); see also Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (Relief under Rule 60(b)(6) is available "only under extraordinary circumstances."). The granting or denial of a motion for reconsideration under Rule 60(b) is left largely to the discretion of the District Court. Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975); Martella v. Marine Cooks & Stewards Union, Seafarers International Union of North America, AFL-CIO, 48 F.2d 729 (9th Cir. 1971), cert. denied, 405 U.S. 974 (1972).

Pursuant to Local Rule 7-19, a motion for reconsideration may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

**III. DISCUSSION**

Liberally construed, Plaintiff's Motion asserts that the Court should reconsider the Dismissal Order and grant the IFP Request essentially because (1) plaintiff was "unaware" of the requirements of the three strikes provision in Section 1915(g); (2) plaintiff "never received notice" of the April Order (as such term is defined in the Dismissal Order), and thus was unaware that the court in the First Federal Action had (a) dismissed the complaint for failure to state a claim

1  upon which relief may be granted, (b) granted plaintiff leave to file an amended
2  complaint within thirty (30) days, and (c) cautioned plaintiff that the complaint
3  would be "dismissed without prejudice" if plaintiff failed timely to file an amended
4  complaint; (3) the Dismissal Order erroneously treated the First, Second, and Third
5  Federal Actions as "three seprate [sic] matters" rather than as a single action; and
6  (4) plaintiff has "no money" or other resources with which to pay the filing fee in
7  the instant case. (Plaintiff's Motion at 1-3). Here, plaintiff fails to demonstrate that
8  reconsideration of the Dismissal Order is warranted on any basis.
9       First, plaintiff's purported prior ignorance of Section 1915(g) does not
10 exempt plaintiff from application of the three strikes provision in the instant case.
11 See generally United States v. International Minerals & Chemical Corp., 402 U.S.
12 558, 563 (1971) (referencing "general rule that ignorance of the law is no excuse");
13 United States v. Hancock, 231 F.3d 557, 561 (9th Cir. 2000) (referencing
14 "common-law rule that every person is presumed to know the law"), cert. denied,
15 532 U.S. 989 (2001); Cf. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (Pro se
16 litigants subject to same rules of procedure that govern other litigants) (citation
17 omitted), overruled on other grounds, Lacey v. Maricopa County, 814 F.2d 565 (9th
18 Cir. 2012).
19      Second, contrary to plaintiff's apparent suggestion (Plaintiff's Motion at
20 2-3), the Court properly concluded that dismissal of the First Federal Action counts
21 as a "strike." As explained in the Dismissal Order, the dockets, orders, and other
22 court records from the three Prior Federal Actions (collectively "Prior Court
23 Records") – of which this Court has taken judicial notice – clearly reflect that each
24 of the Prior Federal Actions was dismissed because plaintiff "fail[ed] to state a
25 claim upon which relief may be granted" – one of the grounds for dismissal
26 enumerated in Section 1915(g) which renders a dismissal a "strike." See 28 U.S.C.
27 § 1915(g).
28      To the extent plaintiff argues that the judgment dismissing the First Federal

1  Action was itself invalid because plaintiff assertedly did not timely receive notice of
2  the April Order (Plaintiff's Motion at 2-3), the instant case is not the proper vehicle
3  for raising that challenge (which appears to be based on an argument plaintiff has
4  not previously raised).  Instead, any such challenge must be directed to the NDCA,
5  the Court that dismissed the First Federal Action.  Even so, the core premise of the
6  foregoing argument (*i.e.*, that plaintiff never received notice of the April Order) is
7  belied by the Prior Court Records from the First Federal Action which reflect that
8  (1) on April 27, 2010 the April Order was sent via U.S. Mail to plaintiff's address
9  "in San Quentin, California" with no subsequent indication that such mailing was
10 returned as undeliverable; and (2) on June 21, 2010, plaintiff formally filed a
11 document in the First Federal Action entitled Application for Extension of Time to
12 File Brief, which appears to have been signed by plaintiff on June 9, 2010, and
13 which sought an extension of time to file a "brief" that was originally "due on []
14 May 26, 2010" (*i.e.*, the deadline noted in the April Order for filing an amended
15 complaint in the First Federal Action).  Such records clearly support a conclusion
16 that, contrary to plaintiff's assertion otherwise, plaintiff had in fact received a copy
17 of the April Order or, at a minimum, had otherwise been made aware of the
18 deadline set in the April Order for filing an amended complaint in the First Federal
19 Action.[2]  Cf. Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992) ("Under
20 the common law mailbox rule, proper and timely mailing of a document raises a
21 rebuttable presumption that it is received by the addressee.") (citing, *inter alia*,
22 Rosenthal v. Walker, 111 U.S. 185, 193-94 (1884)); In re Bucknum, 951 F.2d 204,
23 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped, and deposited into
24 the mail is presumed to be received by the addressee

---

[2]This would not be the first misrepresentation made by plaintiff to this Court.  Indeed, on the Complaint form he filed in the instant action, plaintiff checked the "No" box in response to an inquiry as to whether he had brought any other lawsuits in a federal court while a prisoner and made no reference to any of the Prior Federal Actions. (Complaint at 1).

1 . . . . The presumption can only be overcome by clear and convincing evidence that
2 the mailing was not, in fact, accomplished.") (citation and internal citation omitted);
3 Stache v. International Union of Bricklayers and Allied Craftsmen, AFL-CIO, 852
4 F.2d 1231, 1234 n.2 (9th Cir. 1988) ("Under both federal and California law, the
5 correct addressing, posting, and mailing of a letter creates a presumption that the
6 letter was received by the intended party."), cert. denied, 493 U.S. 815 (1989).
7 Moreover, Plaintiff's Motion does not assert, and nothing in the Prior Court
8 Records reflect, that plaintiff made any attempt to inquire about the status of the
9 First Federal Action he filed or affirmatively to challenge the purportedly improper
10 dismissal thereof in 2010 – actions plaintiff might be expected to take if, as plaintiff
11 now contends, he heard nothing at all after initially filing his complaint in federal
12 court more than six years ago.

13 Third, plaintiff's specious assertion that only a single "matter" comprises the
14 First, Second, and Third Federal Actions (Plaintiff's Motion at 2-3) does not justify
15 granting relief. Here, plaintiff essentially explains that he intended to pursue only a
16 single "matter," but filed the matter in three separate envelopes purportedly because
17 "[t]he instruction asks for 3 copies to the court of [a] complaint[]" and plaintiff was
18 given only two stamped envelopes in a week. (Plaintiff's Motion at 3). Plaintiff's
19 explanation rings hollow, however, considering the Prior Court Records which
20 reflect that (1) plaintiff submitted three separate and complete complaint forms
21 asserting civil rights violations predicated on three discrete sets of circumstances in
22 large part against three different groups of defendants – not three identical *copies* of
23 a single complaint, as Plaintiff's Motion suggests;³ (2) plaintiff filed three separate

---

[3]In the First Federal Action, plaintiff names as defendants the California Department of Corrections, T. Marshall, Toney, Johnston, P. Salazar, King, Dixon, Evans, Nixion, Williams, Ebert, Majiia, Lawson, Jordan, Valh, Dixxi, A.C. King and the Records Department. In the Second Federal Action, plaintiff names as defendants the California Department of Corrections and Rehabilitation, San Quention State Prison, and Medical Correctional Officer Davis. In the
(continued...)

1 requests to proceed In Forma Pauperis together with a full set of supporting
2 documents for each of the three complaints in the Prior Federal Actions; and (3) the
3 total volume of the three complaints filed in the Prior Federal Actions is quite
4 small,[4] which suggests that plaintiff could more easily have included all of his
5 claims in a single complaint form and mailed his filing to the Court in just one
6 envelope if, as plaintiff claims, he actually intended to bring all claims in only one
7 consolidated "matter."

8     Irrespective of plaintiff's previously unexpressed intentions, in the end
9 plaintiff did not file a single, consolidated complaint and, as a result, the NDCA
10 needed to expend judicial resources to address three separate baseless lawsuits – the
11 type of wasteful exercise Section 1915(g) was specifically designed to prevent. See
12 Bruce, 136 S. Ct. at 630 (PLRA "installed a variety of measures 'designed to filter
13 out the bad claims [filed by prisoners] and facilitate consideration of the good[.]'")
14 (citations omitted; alteration in original); Neitzke v. Williams, 490 U.S. 319, 327
15 (1989) (IFP statute "designed largely to discourage the filing of, and waste of
16 judicial and private resources upon[] baseless lawsuits"), overruled by statute on
17 other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
18 (en banc).

19     Finally, the remainder of Plaintiff's Motion appears to argue merely that the
20 Dismissal Order was wrongly decided – which is not a sufficient ground for relief.
21 See Twentieth Century-Fox Film Corp., 637 F.2d at 1341 (mere dissatisfaction with
22 court's order or belief that court is wrong in its decision not adequate grounds for

---

[3](...continued)
Third Federal Action, plaintiff names the California Department of Corrections and Rehabilitation and Sgt. Wright.

[4]The complaint in the First Federal Action consists of eight (8) pages, whereas the complaints in the Second and Third Federal Actions, respectively, consist of six (6) and five (5) pages – totaling nineteen (19) pages.

relief under Rule 60(b)(6)); see also <u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983) (improper to use motion for reconsideration simply "to ask the Court to rethink what the Court had already thought through – rightly or wrongly").

## IV.   ORDERS

IT IS THEREFORE ORDERED that (1) Plaintiff's Motion is denied; (2) plaintiff's deadline to pay the full filing fee is extended to fourteen (14) days after the date of this order; and (3) the Clerk shall send plaintiff a copy of the public docket of the instant action.

**Plaintiff is cautioned that if he fails timely to pay the full statutory filing fee, the action will be DISMISSED without prejudice and the case will be closed without any further action by the Court.**

DATED: October 22, 2016.

*S. James Otero*

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

8