UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMILE SAINT THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>VENTURA COUNTY SHERIFF DEPARTMENT, CALIFORNIA, et al.,<br><br>Defendants. | Case No. CV 16-6622 SJO(JC)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) DISMISSING ACTION WITHOUT PREJUDICE |

## I. BACKGROUND

On September 2, 2016, Tremile Saint Thompson ("plaintiff"), who is in custody at the Ventura County Detention Facility and is proceeding *pro se*, formally filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 together with a Request to Proceed Without Prepayment of Filing Fees ("IFP Request").

On September 17, 2016, the Court issued an order ("Dismissal Order") denying the IFP Request and dismissing the action without prejudice unless plaintiff paid the full filing fee within thirty (30) days because plaintiff had filed at least three prior actions in the United States District Court for the Northern District of California which qualify as "strikes" under 28 U.S.C. § 1915(g) ("Section

1915(g)")[1] and the Complaint did not plausibly allege that plaintiff was exempt from Section 1915(g) based on imminent danger of serious physical injury. The Clerk entered the Dismissal Order on September 20, 2016.

On October 3, 2016, plaintiff formally filed a "Motion to Proceed Without Prepayment of Filing Fee" which sought reconsideration of the Dismissal Order ("First Reconsideration Motion").

On October 22, 2016, the Court denied the First Reconsideration Motion, and *sua sponte* extended plaintiff's deadline to pay the full filing fee to November 7, 2016 ("October Order"). The October Order cautioned that if plaintiff failed timely to pay the full statutory filing fee, the Complaint would be dismissed without prejudice and the case would be closed without any further action by the Court. The Clerk entered the October Order on October 25, 2016.

Currently pending before the Court and addressed herein is plaintiff's "Motion . . . Seeking Reconsideration of Deniel [sic] of Leave to File a Complaint In Forma Pauperis" ("Second Reconsideration Motion") which was formally filed on November 3, 2016, and through which plaintiff again seeks reconsideration of the Dismissal Order. Plaintiff has not paid any portion of the filing fee, and indicates that if the Second Reconsideration Motion is not granted, the Court should "go ahead and dismiss" the case.

---

[1] In general, prisoners who meet specified criteria may pursue civil litigation in federal court without the full prepayment of fees or costs – *i.e.*, *in forma pauperis* ("IFP"). 28 U.S.C. § 1915(a). Pursuant to Section 1915(g) (the so-called "three strikes" provision in the Prison Litigation Reform Act ("PLRA")), however, a prisoner who has accumulated three or more "strikes" is barred from proceeding IFP unless he is "under imminent danger of serious physical injury" at the time their complaint is filed. Bruce v. Samuels, 136 S. Ct. 627, 630 (2016); Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). A "strike," for purposes of Section 1915(g), is a prior action or appeal brought in federal court while the plaintiff was "incarcerated or detained in any facility" that was dismissed because it was "frivolous," "malicious," or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015); Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1054 (9th Cir. 2016).

1   For the reasons discussed below, plaintiff's Second Reconsideration Motion
2 is denied and the case is dismissed without prejudice.
3 **II.    LEGAL STANDARDS – MOTIONS FOR RECONSIDERATION**
4   A motion seeking reconsideration of a denial of leave to file a complaint *in
5 forma pauperis* may be construed as one arising under Rule 60(b) of the Federal
6 Rules of Civil Procedure.  See Ashford v. Steuart, 657 F.2d 1053, (9th Cir. 1981)
7 (construing motion to reconsider denial of leave to file complaint *in forma pauperis*
8 as Fed. R. Civ. P. 60(b) motion); see also Garamendi v. Altus Finance S.A., 282
9 F.R.D. 270, 273 (C.D. Cal. 2012) (Rule 60(b) "is not limited simply to final
10 'judgments' and "allows a court to relieve a party from 'a final judgment, order or
11 proceeding'") (quoting Fed. R. Civ. P. 60(b); emphasis omitted).
12   Under Rule 60(b), relief from a final judgment or order is available for
13 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered
14 evidence that, with reasonable diligence, could not have been discovered before the
15 court's decision; (3) fraud, misrepresentation or misconduct by the opposing party;
16 (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) "any other
17 reason that justifies relief."  See Fed. R. Civ. P. 60(b).  To merit relief predicated on
18 Rule 60(b)(6) (affording relief for "any other reason that justifies relief"), a litigant
19 must "establish the existence of extraordinary circumstances which prevented or
20 rendered him unable to prosecute [his case]."  Martella v. Marine Cooks &
21 Stewards Union, Seafarers International Union of North America, AFL-CIO, 448
22 F.2d 729, 730 (9th Cir. 1971) (per curiam) (citations omitted), cert. denied, 405
23 U.S. 974 (1972); see also Twentieth Century-Fox Film Corp. v. Dunnahoo, 637
24 F.2d 1338, 1341 (9th Cir. 1981) (Relief under Rule 60(b)(6) available "only under
25 extraordinary circumstances").  Courts use Rule 60(b)(6) "sparingly as an equitable
26 remedy to prevent manifest injustice."  Lal v. State of California, 610 F.3d 518, 524
27 (9th Cir. 2010) (citation and quotation marks omitted).  The granting or denial of a
28 Rule 60(b) motion "is left largely to the discretion of the District Court."  Savarese

v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975) (citations omitted).

Pursuant to Local Rule 7-18, a motion for reconsideration may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of . . . the original motion." Local Rule 7-18.

## III. DISCUSSION

The Second Reconsideration Motion asks the Court to reconsider the Dismissal Order and grant the IFP Request for essentially the same reasons plaintiff has previously argued. Plaintiff's mere dissatisfaction with the Court's prior rejection of such argument is not a sufficient ground for the relief sought. See Twentieth Century-Fox Film Corp., 637 F.2d at 1341 (mere dissatisfaction with court's order or belief that court is wrong in its decision not adequate grounds for relief under Rule 60(b)(6)); see also Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) (improper to use motion for reconsideration simply "to ask the Court to rethink what the Court had already thought through – rightly or wrongly").

## IV. ORDERS

IT IS THEREFORE ORDERED that (1) plaintiff's Second Reconsideration Motion is denied; and (2) the action is DISMISSED without prejudice.

DATED: November 10, 2016.

*S. James Otero*
_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE